WATTS, J.,
concurring.
Respectfully, I concur in the judgment in both cases, Bartlett v. Portfolio Recovery Associates, and Townsend v. Midland Funding, but I write separately to explain my reasons.
Like the Majority, I conclude that Rule 3-306 sets forth the requirements for obtaining a judgment on affidavit, not the requirements for prevailing at a trial. Upon the filing of a timely notice of intention to defend pursuant to Rule 3-306(e)(1), the case proceeds as any other small claims action, and, pursuant to Rule 3-701(f), the District Court would conduct the trial in an informal manner, and Title 5, the Rules of Evidence, would not apply.[1] A de novo appeal of the *300 District Court’s decision is similarly handled in an informal manner, and the Rules of Evidence do not apply. See Md. R. 7-112(d)(2) (“If the action in the District Court was tried under Rule 3-701, ... the circuit court shall conduct the trial de novo in an informal manner, and Title 5 of these rules does not apply to the proceedings.”). It is undisputed that a contested small claims trial is conducted informally and the Rules of Evidence (except the Rules applicable to the competency of witnesses) do not apply.

Bartlett

I agree that this Court should affirm the judgment of the circuit court, but not for the reasons stated in the Majority opinion. Like the Majority, I conclude that the circuit court did not err in admitting the documents included in PRA’s Exhibits 1 and 2, over Bartlett’s objection that the documents failed to satisfy Rule 5 — 803(b)(6). Because the Rules of Evidence do not apply in contested small claims cases, whether the documents included in PRA’s Exhibits 1 and 2 were hearsay or excepted hearsay under Rule 5-803(b)(6) was simply not a determination that was before the circuit court.
The circuit court did not err in admitting PRA’s Exhibits 1 and 2 — which included records from the original creditor, Chase — over Bartlett’s objection that Sage lacked personal knowledge of the creation and maintenance of the records. As discussed by the majority, an alleged lack of personal knowledge did not render Sage incompetent to testify or to serve as the proponent of the documents in the small claims trial, as a witness’s personal knowledge is distinct from the witness’s competency.
But PRA raises a point that the Majority does not address. PRA contends that, if the Rules of Evidence were applicable, under Md.Code Ann., Cts. & Jud. Proc. (1973, 2013 Repl. Vol.) (“CJP”) § 10-101, in a small claims action, a sponsoring *301 witness with personal knowledge is not required for admission of business records into evidence. I agree. If the documents at issue were deemed to be business records, a sponsoring witness’s lack of personal knowledge would not be fatal to the admission of the documents. CJP § 10-101(d), concerning evidence of proof of accounts and records, provides: “The lack of personal knowledge of the maker of the written notice may be shown to affect the weight of the evidence but not its admissibility.” In Bethlehem-Sparrows Point Shipyard v. Scherpenisse, 187 Md. 375, 381, 50 A.2d 256, 260 (1946), we explained that Maryland modeled its business records statute — now codified at CJP § 10-101 — after the Model Act for Proof of Business Transactions, stating:
The [Maryland] Act also provides that all other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect the weight, but not the admissibility thereof. The purpose of the Act is to put an end to narrowness in the use of the familiar rule of evidence that the person whose statement is received as testimony should speak from personal observation or knowledge, and to bring the rule of evidence nearer to the standards in responsible action outside of the courts.
(Citation omitted).
Accordingly, I agree that this Court should affirm the judgment of the circuit court, but not entirely on the grounds stated in the Majority opinion.[2]

Townsend

As to Townsend’s contention that the circuit court’s admission of Lashinski’s affidavit violated his right to due process because Lashinski was not available for cross-examination, in my view, this case’s particular circumstances do not establish a due process violation. An appellate court reviews without *302 deference whether a trial court violated a constitutional right. See Ellis v. Hous. Auth. of Balt. City, 436 Md. 331, 353, 82 A.3d 161, 174 (2013), reconsideration denied (Jan. 23, 2014) (“[I]n reviewing a possible violation of a constitutional right, this Court conducts its own independent constitutional analysis. We perform a de novo constitutional appraisal in light of the particular facts of the case at hand[.]” (Alterations in original) (citation and internal quotation marks omitted)).
In Rhoads v. Sommer, 401 Md. 131, 160, 931 A.2d 508, 525 (2007), this Court stated:
“[identification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government’s interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.”
(Quoting Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)).
In certain cases, this Court has determined the right to cross-examination to be a fundamental part of due process. In Md. Dep’t of Human Res. v. Bo Peep Day Nursery, 317 Md. 573, 597, 565 A.2d 1015, 1026-27 (1989), cert. denied sub nom. Cassilly v. Md. Dep’t of Human Res., 494 U.S. 1067, 110 S.Ct. 1784, 108 L.Ed.2d 786 (1990), an administrative appeal, this Court referred to the right to cross-examination as an “essential element[ ]” of due process. (Citation omitted). See also Archer v. State, 383 Md. 329, 356, 859 A.2d 210, 226 (2004) (This Court referred to the right to cross-examination as a “fundamental element[ ]” of due process in criminal cases. (Citation omitted)); In re Thomas J., 372 Md. 50, 65, 811 A.2d 310, 319 (2002) (This Court referred to the right to cross-examination as a “fundamental right[]” that is part of due process in juvenile cases. (Citation omitted)).
*303 Although the right of cross-examination may indeed be determined to be a fundamental element of due process in small claims cases, I do not believe the test in Mathews, 424 U.S. at 335, 96 S.Ct. 893 compels that result in this particular case; nor do I believe that the issue is before this Court. At the de novo appeal in the circuit court, Townsend’s counsel appeared, but did not object on the ground that he could not cross-examine Lashinski. Thus, the issue of Townsend’s right to cross-examination and any alleged deprivation of due process are matters that were neither “raised in [nor] decided by the [circuit] court.” Md. R. 8-131(a).
If the merits were to be addressed, this case’s circumstances do not warrant a finding of a due process violation. On appeal, Townsend has challenged the process and Midland’s manner of proof, but he has not alleged that he is, in fact, not the debtor, or that there is an error as to the debt. Applying the Mathews test, the private interest affected is a property interest. The amount at stake in this case is $1,905.21. Although small claims actions involve smaller amounts than other civil actions for damages, admittedly, the amount at stake may constitute a considerable amount for any defendant. Here, however, other than referencing the amount, Townsend has not alleged the amount to constitute a substantial property interest. Similarly, it has not been established that the risk of an erroneous deprivation of property is high. Townsend has not alleged any circumstances such as an error in paperwork — ie., that Midland does not own the debt or the amount is incorrect — or misidentification of himself as the debtor. Thus, in this case, there is no probable value of additional safeguards necessary to prevent an erroneous result. In sum, although cross-examination may indeed be determined to be a fundamental aspect of due process in small claims cases, an analysis of this case’s circumstances does not result in the conclusion that Townsend was deprived of due process.

Conclusion

Although I agree that this Court should affirm the judgment of the circuit court in both cases, in light of the issues *304 raised by Bartlett, Townsend, and amici, and those discussed by Judge Robert N. McDonald in his concurring and dissenting opinion — most notably, the observation that the small claims trial process was designed “to make the justice system more accessible for low income and unrepresented parties” rather than to “allow institutional parties to shield themselves from cross-examination,” see Concurring and Dissenting Opinion at 293-95, 91 A.3d at 1150-51 — I would urge the Standing Committee on Rules of Practice and Procedure to investigate whether there should be changes to the Maryland Rules concerning the level and type of proof in assigned consumer debt small claims contested trials.

. Bartlett appears to concede as much in stating: “Rule 3-306(d) technically does not apply at trial[.]” I decline Bartlett’s and Townsend's invitation to consider Rule 3-306(d) “persuasive authority as to *300 what a debt buyer must prove to obtain a judgment ... at a contested trial!,]” as Rule 3-306(d)'s plain language establishes that Rule 3-306(d) applies only to a judgment on affidavit.

. Indeed, Bartlett has never even disputed the merits of PRA’s claim or otherwise asserted that he did not have a delinquent credit card account.